<u>VIA ECF AND MAIL</u>

Senior Judge Frederic Block

United States District Court

Eastern District of New York

225 Cadman Plaza

Brooklyn, New York 11201

                    May 20, 2012

            Re: United States v. Damian Marrero
            Criminal Docket No. 11-CR-457(FB)

Dear Judge Block,

    I am writing this letter on behalf of my client, Damian Marrero, as it concerns his desire to partake in the Pretrial Opportunity Program (POP).  Mr. Marrero, in my opinion qualifies for eligibility when one takes into consideration the following factors:

- He is a non-violent person not withstanding his training to be a professional mixed martial arts fighter.  This alone shows that he is willing to do it in a legal and sociably acceptable fashion.
- He has a documented history of drug addiction and did in fact graduate on August 1, 2008 from the Staten Island Drug Treatment Court.

    As a result of an arrest, he was accepted into this program, TASC Treatment Alternatives to Street Crime by the Court and as such, his record indicates that his case was dismissed and sealed.  As he stands before the Court now, he has no convictions for any drug cases which were in fact dismissed and sealed.  I took the opportunity to speak to Mr. John Kane, who is one of

the supervisors of TASC and was involved in Mr. Marrero's treatment and did also follow up in a personal fashion with Mr. Marrero.

Mr. Marrero was diagnosed by both TASC and his own physicians as having an anger management issue, which he has been working on by means of training in the Martial Arts.

My client is still being treated by Dr. Fawzi Saleem and is still receiving the same dosage of Oxycodone that he has been on since he hurt his vertebrae while working as a member of the Cement and Concrete Workers Union Local 18A in 2009.  As a result of those injuries, he has continuously been prescribed the Oxycodone to the point where he is now addicted to it and cannot function physically without it, which gives all the more reason why he needs this type of program.

Mr. Marrero recently moved, with the Courts permission, to Dix Hills, Long Island, to live with his aunt and avoid the social problems existing on Staten Island.  I contacted his new pretrial officer, Mr. Babyck, in an attempt to initiate and application for the POP program, at which time, I was told that my client had been previously turned down by his pretrial supervisor, Mr. Michael Alleria, without any notification to me.  I feel that my client is an excellent candidate for this program and qualifies in every way under the true spirit of the program.  I would ask that the Court consider his candidacy for the program.

Very truly yours,

Louis E. Diamond, Esq.